IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2511 |
| | § | |
| SECRETARY OF HEALTH AND | § | |
| HUMAN SERVICES | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 16).  The court has considered the motion, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I.  Case Background

Plaintiff Joseph Chhim filed this action against Defendant Secretary of the Department of Health and Human Services ("Secretary") seeking judicial review of the Secretary's denial of payment for certain lab tests ordered by Plaintiff's physician that Plaintiff believes should be covered under Medicare.

The Medicare program, which provides medical insurance for the elderly and disabled, is administered by the Center for Medicare and Medicaid Services ("CMS"), a division of the U.S. Department of

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 7.

Health and Human Services.  The Medicare Act, 42 U.S.C. §§ 1395-1395kkk-1, consists of four parts, labeled A, B, C, and D.  This case involves a claim for reimbursement under Part B, which provides supplementary medical insurance against the cost of certain physician services, outpatient physical therapy, X-rays, laboratory tests, and other medical and health care.  42 U.S.C. §§ 1395k, 1395x(s).

The Secretary has promulgated regulations setting forth the process for appealing denials of claims for Medicare benefits.  42 U.S.C. § 1395ff; 42 C.F.R. § 405.904.  A beneficiary who is dissatisfied with an initial determination may request that a Medicare contractor perform a redetermination of the claim.  42 C.F.R. § 405.904(a)(2).  Following the contractor's redetermination, the beneficiary may request a reconsideration of the claim by a Qualified Independent Contractor ("QIC").  Id. Following this reconsideration, the beneficiary may request that an Administrative Law Judge ("ALJ") conduct a hearing.  Id.  If the beneficiary is dissatisfied with the ALJ's decision, he may request that the Medicare Appeals Council ("MAC") review the case.  Id. Lastly, if the beneficiary wishes to appeal the MAC's decision, he may file suit in federal district court if the amount in controversy and other requirements for judicial review are met. Id.

Plaintiff is a beneficiary enrolled in Medicare.  On January

4, 2007, Laboratory Corporation ("Lab Corp") provided diagnostic testing services to Plaintiff.[2]  Plaintiff submitted an insurance claim for $1,012, the amount charged for the tests, which CMS denied on August 20, 2007, on the basis that the tests were "routine examinations and related services" not covered under Medicare.[3]  Plaintiff requested a redetermination of the denial, and TrailBlazer Health Enterprises, a Medicare contractor, reached the same conclusion as CMS.[4]  After Plaintiff requested a reconsideration of this decision, Q2 Administrators, a QIC, also determined that Plaintiff was responsible for the charges.[5]

Plaintiff subsequently requested a hearing before an ALJ.  At the hearing, Plaintiff maintained that the tests were ordered in connection with his diabetes diagnosis and, therefore, are covered by Medicare.[6]  The ALJ issued an unfavorable decision on November 12, 2009.[7]  The ALJ found that "the record indicate[d] that the services at issue were routine and not ordered for a particular diagnosis or treatment regime" and, accordingly, "are excluded from Medicare coverage."[8]  Plaintiff appealed the ALJ's decision to the

---

[2]     See Tr. of the Admin. Proceedings ("Tr.") 76, 98.

[3]     See id. 76, 176-77

[4]     See id. 177.

[5]     See id. 190-92.

[6]     See id. 141.

[7]     See id. 138-41.

[8]     See id. 141.

MAC.[9]  On August 2, 2010, the MAC vacated the ALJ's decision and remanded the case to the ALJ to correct procedural defects.[10]

On remand, the ALJ again found that the claim at issue was not covered by Medicare, issuing his decision on July 27, 2011.[11] Plaintiff appealed, and the MAC adopted the ALJ's decision on July 22, 2013.[12]  The MAC concluded that the record did not directly connect the tests to Plaintiff's diagnosis of diabetes.[13]

Plaintiff filed this action on August 15, 2013.[14]  Defendant filed the pending motion to dismiss for lack of subject matter jurisdiction on March 14, 2014.[15]  Plaintiff did not respond to the motion.

## II.  Dismissal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  The party asserting jurisdiction bears the burden of proof that jurisdiction exists.  <u>In re FEMA Trailer Formaldehyde Prods. Liab. Litig.</u>, 646 F.3d 185, 189 (5th Cir. 2011).

---

[9]      <u>See</u> <u>id.</u> 96–102.

[10]     <u>See</u> <u>id.</u>

[11]     <u>See</u> <u>id.</u> 110–15

[12]     <u>See</u> <u>id.</u> 1–6.

[13]     <u>See</u> <u>id.</u> 6.

[14]     <u>See</u> Doc. 1, Pl.'s Orig. Mot. to Review.

[15]     <u>See</u> Doc. 16, Def.'s Mot. to Dismiss.

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005) (quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

## III. Analysis

Medicare beneficiaries may challenge the Secretary's decisions in federal court pursuant to 42 U.S.C. § 405(g). However, the Medicare Act allows for judicial review only in cases where the amount of the claim in controversy is greater than a certain statutory minimum. 42 U.S.C. § 1395ff(b)(1)(E); 42 C.F.R. § 405.1006. This minimum required amount is adjusted annually to reflect increases in the "medical care component of the consumer price index" and is published by the Secretary in the Federal Register. 42 U.S.C. §§ 1395ff(b)(1)(E)(i), 1395ff(b)(1)(E)(iii); 42 C.F.R. §§ 405.1006(b)-(c). For 2013, the judicial review threshold was $1,400. See Notice of Adjustment to the Amount in

Controversy Threshold Amounts for Calendar Year 2013, 77 Fed. Reg. 59618-01 (September 28, 2012).

In his complaint, Plaintiff does not explicitly allege an amount in controversy, though he does refer to having been charged "$1400 or more" in fees to Lab Corp.[16]  However, the medical record indicates that the cost of the tests at issue was $1,012.[17] Plaintiff confirmed at a hearing before the ALJ that Lab Corp had charged him $1,012.[18]  Accordingly, the court finds that Plaintiff's action must be dismissed for failure to meet the amount in controversy requirement of 42 U.S.C § 1395ff(E).

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the

---

[16]    See Doc. 1, Pl.'s Orig. Mot. for Review p. 4.

[17]    See Tr. 76.

[18]    See id. 266-67.

6

United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 2nd day of May, 2014.

Nancy K. Johnson
United States Magistrate Judge